**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00662-CV

———————————

**SIXTO P. MEJIA, Appellant**

**V.**

**DIGNA BERNAL, Appellee**

On Appeal from the 310th District Court
Harris County, Texas
Trial Court Case No. 2019-07367

## MEMORANDUM OPINION

Appellant Sixto P. Mejia filed a notice of appeal from the trial court's Order

Enforcing Temporary Orders and Division of Property by Contempt.

We dismiss the appeal for lack of jurisdiction.

**Discussion**

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotation marks and citation omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding that jurisdiction is fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An appellate court has jurisdiction to consider an appeal from an interlocutory order only if a statute explicitly authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders).

Appellant seeks to appeal from the trial court's Order Enforcing Temporary Orders and Division of Property by Contempt in which the trial court held that Appellant had violated the "Temporary Orders and Final Decree of Divorce" entered on October 8, 2021, in Cause No. 2019-07367, in the 257th District Court, Harris County, Texas. The trial court held that Appellant violated the decree in several respects, and further that Appellant's failure to comply with the decree "constitute[d]

2

criminal contemp." On May 21, 2026, this Court advised Appellant that his appeal from the trial court's Order Enforcing Temporary Orders and Division of Property by Contempt was subject to dismissal for lack of jurisdiction because the order from which he appeals does not appear to be a final, appealable order.

"[D]ecisions in contempt proceedings cannot be reviewed on appeal . . . even when appealed along with a judgment that is appealable." *Ramirez v. Sanchez*, No. 01-21-00417-CV, 2023 WL 2919545, at *12 (Tex. App.—Houston [1st Dist.] Apr. 13, 2023, no pet.) (quoting *In re Office of Atty. Gen. of Tex.*, 215 S.W.3d 913, 915 (Tex. App.—Fort Worth 2007, orig. proceeding) (explaining why contempt judgments are not appealable and must be attacked by petition for writ of habeas corpus or petition for writ of mandamus). We therefore informed Appellant that his appeal was subject to dismissal unless, within ten days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). Appellant filed a motion for extension to respond to our notice. We granted the motion giving Appellant until June 10 to respond.

Instead of filing a response explaining why we have jurisdiction over his appeal, Appellant filed a motion requesting that we order the parties to attend mediation and a motion for extension of time to file a "motion for rehearing." Appellant has not filed a docketing statement,[1] and his request for mediation does

---

[1] The docketing statement was due on September 11, 2025.

3

not change the fact that we lack jurisdiction over his appeal. And because no opinion or disposition has issued in this appeal, there is nothing for us to consider on rehearing. We thus deny Appellant's request for mediation, and we dismiss his motion for extension of time as premature.

To date, Appellant has not filed a response to our notice establishing we have jurisdiction over his appeal of the trial court's Order Enforcing Temporary Orders and Division of Property by Contempt. Because we lack jurisdiction to review contempt orders by appeal, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Ramirez*, 2023 WL 2919545, at *12 (dismissing portion of appeal relating to contempt proceeding for lack of jurisdiction). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.